CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 1 2 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No.: 5:05CR00025 |
| v. | ) MEMORANDUM OPINION |
| CHARLES LUTHER VARNER, and MAUREEN ELAINE VARNER. | ) By: Samuel G. Wilson<br>) United States District Judge |

A grand jury charged Charles Luther Varner with money laundering, conspiracy to distribute methamphetamine, untaxed liquor violations, and firearms violations in an indictment that includes a forfeiture count. Following the indictment, the court entered an order restraining Varner's assets. Varner seeks a pre-trial hearing for the release of assets which he claims are not subject to forfeiture and are necessary for his legal expenses.[1] The court amends the protective order to restrain only those specific assets listed in the indictment and denies Varner's pre-trial

---

[1] Varner claims that because the grand jury found that the joint account at Planters Bank included legitimate funds that the account is not subject to forfeiture, at least to the extent of the legitimate funds. However, if a defendant "knowingly commingles legitimate funds with property obtained through a specified unlawful activity" and uses the legitimate funds to conceal the criminal proceeds, then "the entire property, including the legitimate funds, is subject to forfeiture." United States v. One 1987 Mercedes Benz 300E, 820 F. Supp. 248, 252 (E.D.Va. 1993).

Other circuits have reached similar results. See United States v. Puche, 350 F.3d 1137, 1153 (11th Cir. 2003) (stating that [f]orfeiture of commingled funds, however, is proper when the government demonstrates that the defendant pooled the funds to facilitate or 'disguise' his illegal scheme"); United States v. Tencer, 107 F.3d 1120, 1135 (5th Cir. 1997) (stating that "[l]imiting the forfeiture of funds . . . to the proceeds of the initial fraudulent activity would effectively undermine the purpose of the forfeiture statute. . . . It is precisely the commingling of tainted funds with legitimate money that facilitates the laundering and enables it to continue."). But see Tencer, 107 F.3d at 1135 (stating the mere pooling of tainted and untainted funds in an account does not, without more, subject the account to forfeiture).

hearing request because probable cause supports the restraint of those specifically listed assets and because Varner has failed to prove that he is unable to retain counsel without them.

## I.

The forfeiture count of the indictment seeks forfeiture of all assets involved in, derived from, or traceable to drug trafficking, firearms violations, and money laundering. In addition, it alleges that the following particular assets are subject to forfeiture: the Varners' real property ("the residence"), multiple firearms, $28,000 seized from the Varners, and a joint account at Planters Bank.

The court issued a comprehensive ex parte order restraining Varner's assets on July 21, 2005. In response, Varner filed a motion for a pre-trial hearing, claiming that he is entitled to a pre-trial hearing to prove that the government seized non-forfeitable assets without probable cause and that he needs those assets to retain counsel.

In support of his motion for a pre-trial hearing, Varner filed an affidavit and tax records to establish his inability to retain counsel. In the affidavit, Varner stated, among other things, that the funds in the Planters Bank account are legitimate, that he and his wife both work, and that neither he nor his wife frequent resorts or have an extravagant lifestyle. The tax records show Varner and his wife's reported income for the previous ten years.

On September 1, 2005, the court heard argument on Varner's motion. At that hearing, the government agreed to limit the scope of the court's protective order to the specific items listed in the indictment, and the court has amended its protective order accordingly.

## II.

Varner claims that he is unable to retain counsel without resort to the restrained assets

and that he is entitled to a pre-trial hearing to determine whether the government has restrained non-forfeitable assets. The government argues that the indictment and the amended restraining order cover only forfeitable assets and that Varner has not submitted evidence that he has no assets with which to retain counsel, a prerequisite to the hearing Varner requests. The court agrees and denies Varner's motion for a pre-trial hearing.

A criminal defendant has no Sixth Amendment right to use property subject to forfeiture to retain counsel, Caplin & Drysdale v. United States, 491 U.S. 617, 624-33 (1989) ("[T]here is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense"), and the "pre-trial restraint of a criminal defendant's assets does not violate the Constitution as long as the assets are restrained based upon a finding of probable cause that they are subject to forfeiture." United States v. Farmer, 274 F.3d 800, 802-03 (4th Cir. 2001) (citing United States v. Monsanto, 491 U.S. 600, 615-16 (1989)). If a criminal defendant challenges the pre-trial, post-indictment restraint of assets and requests a pre-trial hearing, the court may grant a limited hearing, but only if the defendant makes a threshold showing that the defendant is completely unable to afford counsel without resort to the restrained assets. Id. at 804-05; see United States v. Wingerter, 369 F. Supp.2d 799, 808 (E.D. Va. 2005) ("Farmer holds that due process requires that a defendant be afforded an adversarial hearing to determine whether assets have been unlawfully restrained only if he can first establish that he is without funds to hire the attorney of his choice.").

Fairly read, the indictment establishes probable cause that the particularly described assets are subject to forfeiture, and Varner has failed to prove that he is unable to afford counsel

without resort to them. Although Varner submitted an affidavit in support of his claim that he is unable to afford counsel without resort to the restrained assets, his affidavit is insufficient to discharge his burden to make a threshold showing that the amended protective order effectively precludes him from hiring counsel. Indeed, Varner's affidavit does not detail his assets and liabilities or provide a meaningful basis for the court to independently judge his assertion that he lacks the ability to retain counsel. Therefore, the court denies Varner's request for a hearing. See id. at 805-06 (stating that "[d]istrict courts enjoy broad discretion to determine the need for hearing of this sort" and that Due Process "does not automatically require a hearing").

### III.

Varner also contends that the indictment fails to provide notice and that the forfeiture count is "fatally deficient." The court disagrees.

Under Federal Rule of Criminal Procedure 32.2(a), a court "must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." For purposes of resolving Varner's request for hearing, it is sufficient to state that the indictment provides fair notice that the government intends to forfeit the specifically listed real property, currency, accounts, and firearms. Accordingly, the forfeiture count provides fair notice and is not fatally deficient.

4

## IV.

For the foregoing reasons, the court denies Varner's motion for a pre-trial hearing and amends the protective order so that it applies only to the real property, accounts, currency, and firearms detailed in paragraphs 2 (B), (C) and (D) of Count 13 of the indictment.

ENTER: This September 9, 2005.

_____
UNITED STATES DISTRICT JUDGE