IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 4 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No.: 5:05CR00025 |
| | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| CHARLES LUTHER VARNER, | ) | |
| and | ) | |
| MAUREEN ELAINE VARNER. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This matter is before the court on the defendants' motions in limine concerning the

admissibility of defendant Maureen Varner's statements that she previously received treatment

for a methamphetamine addiction; the admissibility of testimony from a financial expert

concerning the defendants' finances in support of the forfeiture allegations; and the requested

disclosure of the government's witness list and materials affecting the credibility of government

witnesses.* The court conducted a hearing on March 9, 2006, on motions to dismiss and to

suppress evidence, and at that time, the court also heard arguments on the motions in limine. It

appearing to the court that the unfair prejudicial effect of Maureen Varner's statement outweighs

its probative value, the court grants the motion but notes that the decision is provisional only, and

the court may otherwise rule as the trial progresses.[1]   Because the government is not calling a

---

*The defendants also have raised a <u>Bruton</u> motion, and the court will address this motion
in a separate opinion.

[1]Maureen Varner orally raised this motion at the March 9, 2006, hearing, and because the
government had the opportunity to respond, the court considers the motion ripe.

financial expert to testify, the defendants' motion concerning the admissibility of such testimony is moot; however, the court directs the government to make available to the defendants the original records or duplicates thereof underlying the summary or calculation concerning the defendants' finances that the government intends to present at trial. See Federal Rule of Evidence 1006. Finally, although the court directs the government to deliver all Giglio materials by Thursday, March 16, 2006, the court denies the defendants' motion for disclosure of the government's witness list.

## I.

In November 2004, during the execution of a search warrant at the defendants' residence, law enforcement agents tape-recorded an interview with Maureen Varner, in which she stated that seven or eight years ago she and her husband received treatment for methamphetamine addictions. Pursuant to Federal Evidence Rule 403, she contends that the statement's probative value is outweighed "by the danger of unfair prejudice." As the record stands at this time, the court agrees and excludes this statement; however, this ruling is provisional. The court recognizes that the probative value of this statement may change at trial, and thus, the court reserves the right to rule otherwise if circumstances arise that dictate a contrary result.

## II.

The defendants contend that if the government intends to call a financial expert, the court should exclude the expert's testimony because the government has not made the requisite disclosures. At the hearing, the government stated that it does not intend to call an expert and instead will be relying on the testimony of someone who has reviewed the submitted financial records and essentially "has added the numbers." The defendants' motion is denied as moot;

2

however, the court directs the government to make available to the defendants the original records or duplicates thereof underlying the summary or calculation concerning the defendants' finances that the government intends to present at trial. See Federal Rule of Evidence 1006 (stating that the "contents of voluminous writings, recordings, or photographs . . . may be presented in the form of a chart, summary, or calculation" and that "[t]he originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place").

### III.

The defendants assert that they are entitled to pre-trial disclosure of the government's witness list, including addresses, in order to adequately prepare for trial, in particular, the cross-examination of these witnesses.[2] "No specific statute or rule mandates pre-trial disclosure of witness lists in non-capital cases; [h]owever, the general discretion of district courts to compel the government to identify its witnesses is widely acknowledged." United States v. King, 121 F.R.D. 277, 281 (E.D. N.C. 1988); see United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) ("We have previously interpreted Rule 16 of the Federal Rules of Criminal Procedure governing discovery and inspection as placing the decision regarding pre-trial disclosure of witness lists within the sound discretion of the trial court.") (citing United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973)). Having heard the defendants' arguments, the court finds no compelling reason to order disclosure and denies the defendants' motion.

---

[2]To the extent that the defendants seek early disclosure of witness statements subject to the Jencks Act, 18 U.S.C. § 3500, the court denies this request. Under the Jencks Act, the statement of a government witness is not subject to discovery or inspection until that witness has testified on direct examination at trial. 18 U.S.C. § 3500(a); United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994).

3

## IV.

Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendants request early disclosure of materials affecting the credibility of government witnesses, such as, but not limited to, criminal records.   The Giglio material is governed by the same legal principles as Brady material, see United States v. Bagley, 473 U.S. 667, 676 (1985) (finding that impeachment evidence is just like exculpatory evidence because it is "evidence favorable to the accused") (quoting Brady, 373 U.S. at 87), and, therefore, must be turned over to the defendants "in time for its effective use at trial," United States v. Smith Grading and Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985).  Because the government has not provided evidence of a threat of violence against potential witnesses, the court grants the defendants' motion and directs the government to turn over Giglio materials to the defendants by Thursday, March 16, 2006.

## V.

For the reasons stated, the court provisionally grants the defendants' motion to exclude Maureen Varner's statements concerning her prior methamphetamine addiction and treatment, denies the defendants' motion to exclude the testimony of the government's financial expert as moot, denies the defendants' motion for disclosure of the government's witness list, and grants the defendants' motions for Giglio material.

**ENTER:** This *14th* day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE

4